UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JESSIE MAE LEE ESTATE, ET AL                                    CIVIL ACTION

VERSUS                                                                       NO.  13-3851

STANDARD MORTGAGE CORP., ET AL                         SECTION "N"  (2)

## <u>ORDER AND REASONS</u>

Considering Omni Bank's Motion to Dismiss under Rule 12(b)(1) and Judgment on the

Pleadings under Rule 12(c) (**Rec. Doc. 17**);

**IT IS ORDERED** that the motion is hereby **DENIED IN PART** and **DENIED**

**WITHOUT PREJUDICE IN PART**..

Plaintiff brought the instant action *pro se* against defendants Omni Bank and Standard

Mortgage Corp., seeking to enjoin foreclosure proceedings commenced against her in state court

and seeking damages under various theories and statutes.   In the instant motion, Omni Bank

seeks dismissal of the plaintiff's claims against it on two grounds:  (1) Plaintiff has no standing

to bring a claim against Omni because the foreclosure sale never actually occurred and Omni no

longer holds the note or mortgage in question; and (2) the plaintiff should be estopped from

bringing damage claims because she failed to list the cause of action as an asset in the

bankruptcy proceeding commenced shortly after the instant suit was filed.

Omni's standing argument is without merit.  Standing is ascertained as of the time that

suit was filed.  *See Carr v. Alta Verde Industries, Inc.,* 931 F.2d 1055, 1061 (5th Cir. 1991)  ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint ...."); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed"); *see also Baisden v. I'm Ready Productions, Inc.,* 693 F.3d 491, 510 n. 19 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1585 (2013)*.* That foreclosure proceedings might have been terminated[1] after the instant suit was filed would have no effect on the plaintiff's standing.[2]   Omni also argues that plaintiff lacks standing because Omni no longer holds a mortgage or note on the subject property (having assigned the note to Standard years ago) and thus there is no "causal connection" between the foreclosure and Omni.  Assuming without deciding that such a causal connection is required for standing, this argument ignores several of the causes of action asserted by the plaintiff which, although somewhat vague, do not appear to relate to the foreclosure.  *See* Rec. Doc. 1 (alleging, *e.g.*, that neither of the defendants explained the workings of the interest rate or its volatility, that they

---

[1]  Omni cites to Exhibit C to support the assertion that the foreclosure was cancelled on August 15, 2013.  *See* Rec. Doc. 17-2 at 4.  Exhibit C to Omni's memorandum is a jumble of various documents and pleadings.  *See* Rec. Doc. 17-5.   While it is possible that a document evidencing an end to the foreclosure proceedings might exist somewhere in this *in globo* miscellany, the Court cannot find it.  This is the reason behind the Court's rules prohibiting *in globo* exhibits and requiring pinpoint citations to multi-page exhibits.  *See* Rec. Doc. 16 at 3-4 ("Exhibits shall not be submitted *in globo*....Citations to...documents or materials with three or more pages must include some sort of pinpoint citation.").

[2]  Such a termination, under certain circumstances, might be a cause for mootness. However, Omni does not mention or brief the issue of mootness.  Moreover, not all of plaintiff's causes of action appear to be confined to the foreclosure.

charged improper fees for placing the loan as "sub-prime" and improperly retained funds belonging to the plaintiff).  Thus, to the extent the motion is based on lack of standing, it is denied.

Omni's second argument is that the plaintiff should be judicially estopped from recovering damages because she failed to disclose her claims herein as assets in her bankruptcy filing.  This claim may well have merit.  However, it has no bearing on the Court's jurisdiction or whether the plaintiff has stated in her complaint a plausible claim for recovery.   Rather, it is an affirmative defense[3] which does not appear on the face of the complaint.  Thus, it has no place in a motion brought under Rules 12(b)(1) and 12(c).  *See, e.g., EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA,* 467 F.3d 466, 470 (5th Cir. 2006)  (although dismissal for failure to state a claim "may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint").   Accordingly, the motion will be denied in this respect as well.  However, this denial shall be without prejudice to Omni's right to reassert the argument *via* an appropriate procedural vehicle.

Finally, the Court cautions the plaintiff that she is responsible for familiarizing herself with the rules of this Court.  A copy of the Local Civil Rules can be found on the Court's website at http://www.laed.uscourts.gov/LocalRules/LocalRules.htm.   In particular, the plaintiff is reminded that any party opposing a motion must file and serve on opposing counsel a written opposition to the motion no later than eight days before the noticed submission date.  *See* LR 7.5.

---

[3]  *See, e.g., Love v. Tyson Foods, Inc.,* 677 F.3d 258, 267 (5th Cir. 2012) ("Judicial estoppel is an affirmative defense.").

If a party requires additional time to prepare a written opposition, the party must file a written request prior to the deadline.   In the future, if the plaintiff (or any party) fails to submit a timely written opposition to a motion, the Court will treat the motion as unopposed.

New Orleans, Louisiana, this 6th day of February, 2014.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

4